UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-03-0074-WFN |
| Plaintiff, ) | |
| ) | |
| -vs- ) | ORDER |
| ) | |
| DANNY EYNON, ) | |
| ) | |
| Defendant. ) | |

Before the Court for hearing without oral argument is Defendant's Motion to Reconsider Issues for Resentencing, filed January 6, 2006 (Ct. Rec. 50), by appointed counsel Beth Bollinger.  Assistant United States Attorney, Thomas Rice, filed the Government's Memorandum in Opposition on January 9, 2006 (Ct. Rec. 53).  Defendant's Reply was filed January 18, 2006 (Ct. Rec. 54).

The Court has reviewed the file, the briefing on the Motion and is fully informed.  For the reasons stated below the Motion is granted.

**BACKGROUND**

The Court received a Mandate from the Ninth Circuit Court of Appeals with a limited remand for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). Mandate filed 10/14/05 (Ct. Rec. 40); Slip Op. filed 10/14/05 (Ct. Rec. 41).  The Court appointed counsel for the Defendant and received briefing on the question of whether the 188 month sentence imposed in this case would have been materially different had the Court known that the Guidelines were advisory rather than mandatory. The Court determined

ORDER - 1

there was no reasonable possibility that the sentence imposed in this case would have been materially different had the Court known that the Sentencing Guidelines were advisory rather than mandatory. Order filed 12/28/05 (Ct. Rec. 49).

Defendant filed the instant Motion to Reconsider, which by admission raises an issue not included in the initial memorandum, regarding Defendant's alleged failure to receive credit for time served in federal custody.[1] He requests that an amended judgment be entered without bringing him back for resentencing. Due to the nature of the allegation a chronologic review of Defendant's state and federal convictions and sentences is required.

On August 23, 2000, the Defendant received a state sentence of imprisonment of 50.75 months following conviction for the May 2000 delivery of methamphetamine. He was also sentenced on the same day to 44.75 months imprisonment following conviction of unlawful storage of anhydrous ammonia for conduct in June 2000. Presentence Investigation Report [PSR] p. 21. These sentences were pursuant to the Special Drug Offender Sentencing Alternative whereby Defendant received a term of imprisonment of half the midpoint of the standard range to be followed by community custody also totaling half of the midpoint of the standard range. *Id.*

On April 1, 2003, the Defendant was indicted in federal court for conduct related to distribution of methamphetamine in 1998 (Ct. Rec. 1). Pursuant to a writ of habeas corpus ad prosequendum Defendant was brought into federal custody and appeared for arraignment on June 9, 2003.[2] On September 11, 2003, the Defendant plead guilty to

---

[1] The Defendant does not challenge the Court's determinations made in the Order filed December 28, 2005 (Ct. Rec. 49).

[2] Defendant asserts he was brought by the marshals to the Spokane County Jail on May 29, 2003. The PSR indicated he was transferred into federal custody on June 9, 2003.

ORDER - 2

two counts (Counts 6 and 8) of distribution of over 5 grams of actual methamphetamine for conduct that occurred on April 18, 1998 and April 23, 1998, respectively (Ct. Recs. 22 and 23). It is important to note that the federal offenses were unrelated to, and occurred prior to, the conduct for which Defendant received the state sentences described above.

The federal sentencing was held on December 4, 2003. At that time, and in the current briefing, Defendant asserted that he was eligible for release from state imprisonment to state community confinement on September 20, 2003. Transcript of Hearing on Sentencing, filed 3/29/04 (Ct. Rec. 38), p. 3; Motion to Reconsider, filed 1/6/06 (Ct. Rec. 50), p. 2 (Averment of Defense Counsel based upon Walla Walla records of Defendant's early earned release date). However, he could not be released from his state sentence of imprisonment until he had a community placement, which could not be accomplished while he was in federal custody. Defendant responded affirmatively to the Court's question "If I understand it correctly, you served that sentence [the state sentence] and it is just a matter of formality to be released from it?" *Id.* The Court proceeded on the assumption that he had served the state sentence of imprisonment, *Id.* at p. 9, and would get appropriate credit for time served on the current federal charges while in federal custody. *Id.* at p. 24. Defendant was sentenced as a Career Offender to 188 months, the low end of the Guideline range (Ct. Rec. 27). On January 24, 2004, the state learned of the federal sentence, and Defendant's state custody was terminated. The Bureau of Prisons [BOP] used this date of January 24, 2004, as the start date for the 188 month federal sentence.

The Defendant asserts that he should have received credit on his federal sentence from June 9, 2003, when he was arraigned on the federal charges, or at a minimum from September 20, 2003, when he was eligible for release from the imprisonment portion of his state

---

The Court need not resolve this inconsistency as it will not affect the Court's determination of the issue before it.

ORDER - 3

1 sentence. The Government disagrees, arguing that because he was in federal custody on a
2 writ he continued to receive credit on his state sentence and could not receive credit toward
3 his federal sentence. The Government also argues that the Court lacks jurisdiction to modify
4 this sentence on this basis on the limited remand.

**DISCUSSION**

The major grounds for granting a motion to reconsider are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the Court, *Backland v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or to introduce evidence previously available or to offer new legal theories. *Christie v. IOPA*, 176 F.3d 1231, 1239 n.5 (9th Cir.), *cert. denied*, 528 U.S. 928 (1999). Here, the new argument raised by appointed counsel was not included in the original briefing because defense counsel had not yet spoken to the Defendant who is in BOP custody. In a case such as this it appears prudent and in the interests of justice to review the issue on the limited remand.

The question before the Court on the limited remand was whether the 188 month sentence imposed in this case would have been materially different had the Court known that the Guidelines were advisory rather than mandatory. Under the advisory Guideline scheme the Court is to consider the statutory factors of 18 U.S.C. § 3553(a) in fashioning a sentence that is sufficient but not greater than necessary. One of the factors that is particularly important under the facts here is the need for the sentence to provide respect for the law and just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The Court determined that the 188 month sentence was just punishment originally and when making the decision on the limited remand. There is additional information available now that the Court was not privy to previously. At the original sentencing the Court erroneously concluded that Defendant has

ORDER - 4

served the state sentence on the unrelated crimes. That would mean that the BOP would give the Defendant credit for time served in federal custody on the federal sentence which was not credited to his state sentence. In fact, what occurred was that the four months from September 20, 2003 through January 24, 2004 was not credited to his federal sentence. The time was credited to his state sentence, but the four months was over and above what he was required to serve on that state sentence. It strikes the Court as unjust that the time effectively did not reduce his state or federal imprisonment. Thus, had the Court known the Guidelines were advisory the Court could have reduced the sentence to 184 months to achieve just punishment.

The Government cites *United States v. Wilson*, 503 U.S. 329 (1992) for the proposition that the Attorney General, not the district court, computes credit for time served. The Court does not dispute this proposition. The Court may however take into account in fashioning its sentence how credit for time served will be calculated. The *Wilson* case is also different in that the state sentence at issue in that case had yet to be imposed, whereas here the state sentence was imposed prior to the federal sentence. Had the Court had the correct information at sentencing and known the Guidelines were advisory the Court would have imposed a 184 month sentence.

The Defendant asserts that he also should receive another four (4) month reduction for the time he served between May 29, 2003, when he allegedly came into federal custody and September 20, 2003, when his term of state imprisonment was complete. It appears undisputed however, that he did receive credit on his state sentence of imprisonment for that time period even though he was in federal custody. His federal charges were unrelated to his state charges so it is not appropriate for him to also receive a 4 month reduction on his federal sentence for this time period.

In sum the Court finds that:

ORDER - 5

1. There is a reasonable possibility that the 188 month sentence imposed by this Court would have been materially different had the Court known that the Sentencing Guidelines were advisory rather than mandatory;

2. A prejudicial error occurred that affects the integrity, fairness and public reputation of the proceedings;

3. Resentencing in this case is required;

4. The Defendant has waived his request to be present for resentencing; and

5. A sentence of 184 months imprisonment will satisfy the statutory factors of 18 U.S.C. § 3553(a). It represents a just sentence and preserves the integrity, fairness and public reputation of the proceedings.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Reconsider Issues for Resentencing, filed January 6, 2006, **Ct. Rec. 50**, is **GRANTED**.

2. An Amended Judgment shall be entered that will be the same in all respects as the prior Judgment, **Ct. Rec. 27**, **except that** the term of imprisonment shall be **184 months** instead of 188 months.

"A party wishing to appeal this Order may file a notice of appeal as provided in Federal Rule of Appellate Procedure 4(b)." *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005).

The District Court Executive is directed to file this Order and provide copies to counsel of record **AND TO** United States Probation Officer Lori Baker.

**DATED** this 1st day of February, 2006.

                                         s/ Wm. Fremming Nielsen
                                         WM. FREMMING NIELSEN
01-3106                          SENIOR UNITED STATED DISTRICT JUDGE